JUDGE KATHLEEN CARDONE

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED 2009 MAR / AM 10: 30
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| COUNTY OF EL PASO, TEXAS<br><br>Plaintiff,<br><br>v.<br><br>LUTHER JONES, DAVID ESCOBAR, MARTIE JOBE, ELIZABETH "BETTI" FLORES, ROBERT BOWLING III, ROBERT BOWLING IV, SARAH J. THOMAS, GREGORY W. COLLINS, ALAN ORTEGA, CHRIS JOHNSTONE, FRANK ARROYOS, CATALINA DEVELOPMENT, INC., TROPICANA HOMES INC., CAREFREE HOMES INC., L.P., AMERICAS LOOP 375, TROFREE, LLC., CAREFREE HOMES I, TROPICANA DEVELOPMENT, INC.<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § <br><br>Civil Action No._____<br><br><br>**EP09CV0119** |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

1. Now comes Plaintiff, County of El Paso, by and through its attorney, El Paso County Attorney José R. Rodríguez, and files this Original Complaint against Defendants Luther Jones, David Escobar, Martie Jobe, Elizabeth "Betti" Flores, Robert Bowling III, Robert Bowling IV, Sarah J. Thomas, Gregory W. Collins, Alan Ortega, Chris Johnstone, Frank Arroyos, Catalina Development, Inc., Tropicana Homes, Inc., Carefree Homes Inc., L.P., Americas Loop 375, Trofree LLC., Carefree Homes I, L.P., and Tropicana Development, Inc

### Parties

2. Plaintiff, County of El Paso, is a political subdivision of the State of Texas.

3.     Luther Jones is a resident of El Paso County, Texas where service of process may be had on him at 1011 N. Mesa, El Paso, Texas 79902.

4.     David Escobar, individually and as Trustee for the Joint Venture composed of Carefree Homes Inc., L.P. and Tropicana Homes, Inc. is a resident of El Paso County, Texas where service of process may be had on him at 8811 Alameda, El Paso, Texas 79907.

5.     Martie Jobe is a resident of El Paso County, Texas where service of process may be had on her at 100 North Stanton, Suite 1810, El Paso, Texas 79901.

6.     Elizabeth "Betti" Flores (hereinafter Betti Flores) is a resident of El Paso County, Texas, where service of process may be had on her at 2816 Taylor, El Paso, Texas 79930.

7.     Robert Bowling III, individually and as president of Tropicana Homes, Inc. and Tropicana Development, Inc., is a resident of El Paso County, Texas where service of process may be had on him at 4655 Cohen Avenue, El Paso Texas 79924.

8.     Robert Bowling IV, as president of Tropicana Homes, Inc., is a resident of El Paso County, Texas where service of process may be had on him at 5105 Timberwolf Drive, El Paso, Texas 79925.

9.     Sarah J. Thomas, individually and as president of Carefree Homes Inc., L.P. and Carefree Homes I, L.P., is a resident of El Paso County, Texas where service of process may be had on her at 1560 Goodyear Drive, El Paso, Texas 79936.

10.    Gregory W. Collins is a resident of El Paso County, Texas where service of process may be had on him at 1191A Wedgewood, El Paso, Texas 79925.

11.    Alan V. Ortega is a resident of the state of New Mexico. Service of process may be had on him at 2012 Rancho Oro Avenue S.E., Rio Rancho, New Mexico, 87124.

12.    Chris Johnstone is a resident of El Paso County, Texas where service of process may be had on him at 12140 Freight Lane, El Paso, Texas 79936.

13.    Frank Arroyos is a resident of El Paso County, Texas where service of process may be had on him at 11996 Paseo Del Rey, El Paso, Texas 79936.

14.    Catalina Development, Inc., is a Texas Corporation with its principal place of business in El Paso County, Texas, where service of process may be had on its registered agent, Gregory W. Collins at 1191A Wedgewood, El Paso, Texas 79925.

15. Tropicana Homes, Inc., is a Texas corporation with its principal place of business in El Paso County, Texas, where service of process may be had on its registered agent, R. L. Bowling, Jr. (a.k.a. Robert L. Bowling IV), 5105 Timberwolf Drive, El Paso, Texas 79925.

16. Carefree Homes Inc., L.P., is a Texas corporation with its principal place of business in El Paso County, Texas, where service of process may be had on its registered agent, S.J. Thomas, 1560 Goodyear Drive, El Paso, Texas 79936.

17. Americas Loop 375 is a Texas corporation with its principal place of business in El Paso County, Texas, where service of process may be had on its registered agent, Robert L. Bowling, 4655 Cohen, El Paso, Texas 79924.

18. Trofree, LLC, is a limited liability corporation operating in the state of Texas with its principal place of business in El Paso County, Texas, where service of process may be had on its registered agent, Frank Arroyos, III, 4655 Cohen Avenue, El Paso, Texas 79924.

19. Carefree Homes I, LP is a Texas limited partnership with its principal place of business in El Paso County, Texas, where service of process may be had on its registered agent, S.J. Thomas, 1560 Goodyear Drive, El Paso, Texas 79936.

20. Tropicana Development, Inc. is a Texas corporation with its principal place of business in El Paso County, Texas, where service of process may be had on its registered agent, R.L. Bowling III, 4655 Cohen Avenue, El Paso, Texas 79924.

## Jurisdiction and Venue

21. This Court has jurisdiction over the parties and subject matter of this case as shown below, to include 18 USCS § 1964(c) and 28 USCS § 1367. Venue is proper because this district and division embrace the place where the actions that give rise to this claim took place and where the land in question is located.

## Background

22. On July 6, 2007, former El Paso County Commissioner Betti Flores pled guilty to a six-count Federal Information (Federal Cause Number EP-06-CR-1369FM-2) charging that she "conspired and agreed together with others ... to knowingly devise a scheme and artifice to defraud the County of El Paso and its citizens of the right to ELIZABETH

"BETTI" FLORES' honest services in the affairs of the County of El Paso and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, and in furtherance of the scheme to deprive … others known and unknown offered to pay and paid the defendant money and other benefits in exchange for her vote, in her official capacity as an El Paso County Commissioner, to settle a lawsuit against the County of El Paso over a tract of land owned by the County of El Paso and to sell the land to clients of another…" (*See* Petitioner's Exhibit 1, INFORMATION, *United States of America v. Elizabeth "Betti" Flores*, Cause No. EP-06-CR-1369FM-2, attached hereto as if fully incorporated).

23. The lawsuit referenced in the Federal Information is *Catalina Development, Inc. and Gregory W. Collins v. The County of El Paso, Texas,* Cause No. 2000-559, in the County Court at Law No. Seven of El Paso County, Texas; Appeal No. 08-00-00207-CV, in the Eighth District Court of Appeals, El Paso, Texas; Appeal No. 02-0299, in the Supreme Court of Texas.

24. The tract of land relating to the settlement and subsequent sale encompasses 304.937 acres south of Vista Del Sol and east of Loop 375, within Section 16, Block 79, Township 3, T&P RR Company Surveys, El Paso County, Texas (hereinafter "tract of land").

25. The El Paso County Commissioners Court had on January 27, 1993 passed a motion providing that a 381.90-acre parcel of county land would be subject to sale by sealed bids. Gregory W. Collins and Catalina Development, Inc. (collectively "Catalina Development") submitted a $2,554,000 bid, along with a $5,000 earnest money check. On October 1994, a majority of the Commissioners Court voted to accept Catalina Development's bid. Before the sale was completed, two commissioners and the county judge-elect filed suit to enjoin the Commissioners Court from approving the sale and signing the deed over to Catalina Development. On December 20, 1994, the 34th Judicial District Court issued a temporary restraining order enjoining the sale of the land.

26. On January 1, 1995, the newly elected Commissioners Court took office. The 34th Judicial District Court then issued a temporary injunction on January 4, 1995. The new commissioners' court did not sign the property over to Catalina Development. On January 30, 1995 Gregory Collins and Catalina Development, Inc. filed suit against El

Paso County for breach of contract and for specific performance for the County's non-conveyance of the parcel of land consisting of 381.90 acres in Section 16, Township 3, Block 79 of the T&P Railroad Survey.

27. The *Catalina Development* lawsuit was dismissed on El Paso County's motion for summary judgment granted on the issue of sovereign immunity on February 17, 2000. The Eighth Court of Appeals affirmed the trial court judgment on January 11, 2002. The Texas Supreme Court affirmed the court of appeals' judgment on May 8, 2003.

28. In the fall of 2003, Robert Bowling III approached Gregory Collins regarding purchasing Collins' and Catalina Development, Inc.'s interest in the *Catalina Development* lawsuit. Robert Bowling III exclusively negotiated the assignment of interest with Gregory Collins.

29. On November 19, 2003, David Escobar, Trustee for a Joint Venture composed of Carefree Homes Inc., L.P., a Texas Corporation and Tropicana Homes Inc., a Texas Corporation, submitted a settlement offer as assignees of Collins and Catalina Development's interest in the *Catalina Development* litigation to Steve Hughes, attorney for the County of El Paso. The assignees offered $10,000 for each of 304 acres, plus or minus, of the tract of land subject to the litigation along with the reimbursement of El Paso County attorney fees.

30. On November 20, 2003, Gregory W. Collins and Catalina Development, Inc. assigned their interest in the *Catalina Development* lawsuit to David Escobar, Trustee for a Joint Venture composed of Carefree Homes Inc., L.P. and Tropicana Homes Inc., a Texas Corporation. In consideration for their assignment, Collins and Catalina Development, Inc. received pursuant to a second amendment to the November 20, 2003 assignment of interest, $150,000.00 plus 15% (fifteen percent) equity interest in a joint venture to be formed by the assignees of Catalina Development Inc.; subsequently formed as Americas Loop 375, LP. The 15% (fifteen percent) equity interest was assessed by the subsequent joint venture to have a value of $1,000,000.00.

31. Americas Loop 375, LP. is a Texas limited partnership originally owned as follows[1]:

General Partner:
    Trofree, LLC      1.00%

Limited Partners:
    Carefree Homes I, LP.      40.5%
    Tropicana Development, Inc.      40.5%
    Gregory W. Collins (50% equity holder in Catalina Development, Inc.)      7.50%
    Alan Ortega (50% equity holder in Catalina Development, Inc.)      7.50%
    Christopher Johnstone      3.00%

32. Christopher Johnstone purchased his 3.0% (three percent) interest in Americas Loop 375 by contributing $200,000.00 to the partnership on or about May 4, 2004. Calculating the assessed value per percentage interest indicates Americas Loop 375, LP valued the 304.937 acres at approximately $6,660,000.00 million.

33. On December 22, 2003, at a special meeting of the El Paso County Commissioners Court, the Commissioners Court, contrary to the legal recommendation of the El Paso County Attorney, accepted a second settlement offer submitted by David Escobar, Trustee for the Joint Venture. Betti Flores, acting in her official capacity as an El Paso County Commissioner, voted in favor of settling the *Catalina Development* lawsuit and selling the tract of land to assignees of Catalina Development.

34. On that same day, the County of El Paso entered into an Rule 11 Agreement (titled Amended Rule 11 Agreement) with David Escobar, Trustee of the assignees, whereby in consideration for the dismissal and release of all claims related to the parcel of land in dispute and the promise not to seek a writ of certiorari from the United States Supreme Court, the County of El Paso agreed to sell a portion of the parcel of land (approximately 304 acres) to the Joint Venture for $3,040,000.00 or the appraised value of the property, whichever is greater. The Joint Venture also agreed to reimburse the County for the attorney fees and court costs it had incurred in the *Catalina Development* litigation.

---

[1] In December, 2008, Gregory W. Collins and Alan Ortega are believed to have sold their interest in Americas Loop 375 to Tropicana Development, Inc. and Carefree Homes I, LP. Tropicana Development and Carefree Homes I are each believed to currently hold 48% ownership interest in Americas Loop 375.

35. On May 24, 2004, El Paso County Judge Dolores Briones signed the warranty deed conveying 304.937 acres of land out of a 381.90 acre tract filed in Volume 2827, Page 277, of the Deed Records of El Paso County, Texas (n/k/a Tract 1-A) being a portion of Section 16, Block 79, township 3, T&P RR Company Surveys, El Paso County, Texas, to David Escobar, Trustee for a Joint Venture composed of Carefree Homes Inc., L.P. and Tropicana Homes Inc., a Texas Corporation.

36. On November 15, 2004, David Escobar, Trustee for the Joint Venture conveyed 304.937 acres to Americas Loop 375, LP. David Escobar received fees of $420,000.00 as trustee for the Joint Venture and $160,000.00 as attorney for the Joint Venture.

37. Luther Jones also served as counsel for the assignees (the Joint Venture composed of Carefree Homes, Inc., L.P. and Tropicana Homes Inc. a Texas Corporation).

38. On November 20, 2004, Americas Loop 375, LP conveyed 25.481 acres to Socorro Independent School District; onto which Socorro I.S.D. constructed John Drugan School. Portions of the remaining tract of land retained by Americas Loop 375, LP have been developed for residential purposes. The County of El Paso anticipates Socorro Independent School District will be deemed a bona fide innocent purchaser of the 25.481 acres the school district purchased from Americas Loop 375, LP. The County further anticipates the Court will find the majority, if not all, subsequent purchasers of residential property developed by Carefree Homes Inc., L.P., Tropicana Homes and/or Americas Loop 375 on the tract of land at issue will also be deemed bona fide innocent purchasers whose interest in their homes should be protected.

39. On October 14, 2008, the federal court ordered the filing of the redacted transcript of Betti Flores' Plea of Guilty. Within said plea, the federal court found sufficient facts alleged to satisfy each element of each and every of the six counts of the federal information charged against former El Paso County Commissioner Betti Flores.

## Causes of Action
### Count 1 - Civil RICO

40. Plaintiff asserts a civil Racketeering Influenced and Corrupt Organization (hereinafter "RICO") claim against Luther Jones, David Escobar, Martie Jobe and Betti Flores. Plaintiff alleges collectively, defendants Jones, Escobar, Jobe and Flores formed a consensual informal enterprise to further racketeering activities. Luther Jones served as

the principal decision maker. Jones, Escobar and Jobe would pay and/or arrange for monies and other benefits to be paid to Flores in exchange for her official vote as El Paso County Commissioner. Jones, Escobar and Jobe would receive compensation from individuals and/or entities doing business with the County for insuring Flores' favorable vote for the benefit of the individuals and/or entities.

41. Betti Flores, through her plea to the Federal Information cited above, admitted to conspiring with others to defraud the citizens of El Paso County of her honest service. Flores admitted to receiving money and other benefits in exchange for her vote as County Commissioner in the *Catalina Development* lawsuit and other county matters. Defendants used the United States postal service and wire communication to further their enterprise.

42. The use of the postal service and wire communication affect interstate commerce; a violation of 18 USCS 1682(c).

43. In addition to the bribe received by Betti Flores to vote to settle the *Catalina Development* lawsuit, Betti Flores plead guilty to accepting a bribe to vote to settle a class action lawsuit against the County of El Paso brought by members of the El Paso County Sheriff's Office regarding overtime pay.

44. Martie Jobe served as counsel for the plaintiffs in the class action suit commonly referred to as the 15-minute lawsuit.

45. On December 6, 2004, Betti Flores, in accordance with the scheme and bribe, voted to settle the class action lawsuit. Thereafter, on December 16, 2004, a settlement agreement was entered by the officers of the class action lawsuit and the County of El Paso.

46. The officers were paid $635,000.00 in return for the dismissal of the lawsuit against the County.

47. On December 16, 2004, Martie Jobe and Luther Jones paid monies to Betti Flores in the form of campaign contributions in exchange for her official vote in settling the class action lawsuit.

48. Plaintiff further asserts that Luther Jones, in furtherance of the enterprises' activities, instructed John Travis Ketner to provide legal representation for Betti Flores on an unrelated personal criminal matter. Ketner's legal representation of Betti Flores

was in exchange for her official vote for the County of El Paso to relinquish its federal rights regarding work schedules and overtime pay for Sheriff's officers under the Fair Labor Standards Act (FLSA) 207K provision.

49. The relinquishing of these rights by the County has potentially cost the citizens of El Paso County millions of dollars in extra pay to Sheriff's deputies and detention officers.

50. Additionally, David Escobar in furtherance of the criminal enterprises' activities, advised Flores that arrangements had been entered for a quick resolution of Flores' unrelated personal criminal matter.

51. Plaintiff asserts a fourth incident of the enterprises' patterns of activities whereby Luther Jones and Martie Jobe conspired to have Betti Flores receive monies in exchange for her official vote to secure a contract for the digitization of court records. In furtherance of the scheme, Martie Jobe secured confidential bid proposals submitted to the County for the benefit of a vendor attempting to do business with the County of El Paso.

52. Plaintiff asserts Betti Flores' admissions to her direct involvement in conspiring with others to defraud the citizens of her honest services amounts to a criminal enterprise. Flores' multiple counts within the Federal Information constitute a pattern of racketeering activity perpetrated by her and her co-conspirators.

53. In relation to the scheme to settle the *Catalina Development* lawsuit, Plaintiff asserts the payment of $3,200,000.00 plus attorney's fees was for less than the true market value of the tract of land. Plaintiff asserts the true value of the tract of land at the time of conveyance from the County was a minimum of $6,660,000.00. The payment for less than the true market value, resulting from the defrauding of the County, is the Plaintiff's damages. Plaintiff asserts damages against Betti Flores and her co-conspirators to be trebled as permitted per section 18 USCS § 1964. Additionally, Plaintiff asserts damages of any monies and benefits paid to Betti Flores as compensation for her services as El Paso County Commissioner during the time Betti Flores was conspiring with her co-conspirators to defraud the County of El Paso and its citizens of her honest services.

## Count 2 - Civil Conspiracy

54. In the alternative, and without waiving its claim for civil RICO violations, Plaintiff asserts that Betti Flores perpetrated a fraud against, and breached her fiduciary duty to, El Paso County and its citizens by conspiring to defraud the County and its citizens of her honest services in the affairs of the County of El Paso. Betti Flores plea of guilty to the federal information evidences her acts, and the acts of others, as violations of the common law tort of civil conspiracy.

55. Betti Flores conspired with "others" to accomplish the object of defrauding the County of her honest services. Betti Flores, in her official capacity as a member of the El Paso County Commissioners Court, was a party to the *Catalina Development* litigation. As such, Betti Flores was represented by counsel, the El Paso County Attorney and Steve Hughes, attorney for the County.

56. Luther Jones and David Escobar, contrary to the Texas Code of Ethics, communicated with Betti Flores regarding the *Catalina Development* lawsuit during its pendency and/or prior to the final conveyance of the land and finalization of the sale.

57. Betti Flores agreed to receive monies and other benefits from Luther Jones, David Escobar, Robert Bowling III and others in exchange for Flores' vote in her official capacity to settle the lawsuit against the County involving the tract of land and to sell the land to the clients of another.

58. The assignees of the *Catalina Development* lawsuit were the clients of David Escobar and Luther Jones.

59. The County of El Paso did in fact sell the tract of land that was the subject to the *Catalina Development* lawsuit to David Escobar, Trustee to a Joint Venture composed of Carefree Homes Inc., L.P. and Tropicana Homes Inc. The Joint Venture was the assignee of the *Catalina Development* lawsuit from Greg Collins and Catalina Development, Inc.

60. The offer and acceptance of money in exchange for Flores' vote in her official capacity was an unlawful and overt act to which Flores pled guilty.

61. The loss of the land is the County's damages that were proximately caused by the County selling the land under fraudulent pretense.

### Count 3 - Unjust Enrichment

62. In the alternative and without waiving its claim for civil RICO or Civil Conspiracy, Plaintiff seeks equitable relief, pursuant to the doctrine of unjust enrichment, from the sale of County land that resulted from the fraudulent acts of Betti Flores and others. Plaintiff would show the Court that the price fixed for the sale of the 304.937 acre tract of land was $3,200,000.00. Plaintiff would show at the time the land was conveyed, Defendants Tropicana Homes and Carefree Homes Inc., L.P., assignees of the *Catalina Development* lawsuit, valued the land at approximately $6.66 million. Plaintiff, at the time of filing this suit, does not have a present value for the property but believes the value has appreciated greatly due to the growth, development and market demand for housing in the area surrounding the property.

63. Robert Bowling III, Robert Bowling IV, Tropicana Homes Inc., a Texas Corporation, Sarah J. Thomas, Carefree Homes Inc., L.P., Americas Loop 375, LP and its current and/or former members Trofree, LLC, Carefree Homes I, Tropicana Development, Inc., Gregory W. Collins, Alan V. Ortega, and Christopher Johnstone, along with Frank Arroyos, have unjustly benefited from the fraudulent acts of Betti Flores and others in inducing the sale of County land.

64. The Defendants, individually and collectively, are not entitled to the benefits because these same members, aside from Christopher Johnstone, had an equity interest in the Joint Venture composed of Tropicana Homes, Inc. and Carefree Homes Inc., L.P., to which the County was fraudulently induced into selling the tract of land due to the unconscionable acts of Defendant Betti Flores and others.

### Damages

65. The Plaintiff asserts that it has been damaged by the fraudulent acts that unconscionably coerced the sale of County land, resulting in the unjust enrichment of the Defendants Robert Bowling III, Robert Bowling IV, Tropicana Homes Inc., a Texas Corporation, Sarah J. Thomas, Carefree Homes Inc., L.P., Americas Loop 375 and its current and/or former members, and for which Plaintiff seeks adequate compensation.

66. Portions of the 304.937 acre tract of land have been sold to subsequent third parties, most if not all of whom are believed to be bona fide innocent purchasers.

67. The land sold to subsequent innocent purchasers is not being sought to be recouped by Plaintiff.

68. Plaintiff contends as a matter of equity, the title of any persons or entities deemed by the Court to be innocent purchasers should be protected and cleared of any cloud on title.

69. Plaintiff however contends any profits obtained by the Defendants Robert Bowling III, Robert Bowling IV, Tropicana Homes Inc., a Texas Corporation, Sarah J. Thomas, Carefree Homes Inc., L.P., Americas Loop 375 and its current and/or former members from the sale to innocent purchasers should be surrendered to Plaintiff as exemplary damages resulting from fraudulent acts and as a matter of public interest.

70. The Plaintiff further asserts that Plaintiff is owed restitution of money and benefits paid to Betti Flores during the term for which she was defrauding the County of El Paso and its citizens of the right to her honest services in the affairs of the County of El Paso. Plaintiff asserts Defendant Betti Flores breached her oath of office to which a claim may be adjudged.

### Attorney Fees and Costs

71. Plaintiff seeks attorney's fees and costs pursuant to 18 USCS § 1964(c) and any other applicable statute or law.

### Jury Demand

72. Plaintiff demands a trial by jury in accordance with Federal Rule of Civil Procedure 38 and any other applicable statute or law.

### Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff County of El Paso respectfully prays that the Court order Defendants to be cited and appear herein, and that upon final trial of this case, that Plaintiff have judgment against Defendants for the damages as set forth above, plus applicable pre-judgment and post-judgment interest as provided by law, and that Court grant to Plaintiff a judgment for costs, and that the Court grant Plaintiff such other and further relief, general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JOSÉ R. RODRÍGUEZ**
County Attorney
500 E. San Antonio, Room 503
El Paso, Texas 79901
TEL: (915) 546-2153
FAX: (915) 546-2133

By: _____
**JOSÉ R. RODRÍGUEZ**
El Paso County Attorney
State Bar No. 17146500
Attorneys for Plaintiff

_____
**MANUEL ROMERO**
Assistant County Attorney
State Bar No. 24041817
Attorneys for Plaintiff