IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| COUNTY OF EL PASO, TEXAS, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-09-CV-00119-KC |
| | § | |
| LUTHER JONES, et al., | § | |
| | § | |
| Defendants. | § | |

# ORDER

On this day, the Court considered Defendant Martie Jobe's ("Jobe") "Third Motion for a More Definite Statement" and Defendant Luther Jones's ("Jones") "Motion for a More Definite Statement." For the reasons set forth herein, Defendants' Motions are **DENIED**.

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must . . . point out the defects complained of and the details desired.

FED. R. CIV. P. 12(e). In considering a motion for a more definite statement, a court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. *Mitchell v. EZ Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959); *Source Data Acquisition, LP v. Talbot Group, Inc.*, No. 4:07cv294, 2008 WL 678645, at *1 (E.D. Tex. Mar 11, 2008). When a defendant complains of matters that can be clarified and developed during discovery, rather than matters which impede his ability to form a

responsive pleading, an order directing the plaintiff to file a more definite statement is not warranted. *Arista Records LLC v. Greubel*, 453 F.Supp.2d 961, 972 (N.D. Tex. 2006) (citing *Mitchell*, 269 F.2d at 132). A motion for more definite statement is used to provide a remedy for an unintelligible pleading, not for lack of detail. *Bazile v. City of Houston*, Civil Action No. H-08-2404, 2008 WL 4899635, at *5 (S.D. Tex. Nov. 12, 2008) (citing *Davenport v. Rodriguez*, 147 F.Supp.2d 630, 639 (S.D. Tex. 2001)).

Defendant Jones argues that the County's Complaint is insufficient due to a lack of detail regarding the "association-in-fact enterprise," the nature of that "enterprise" as separate from the charged racketeering conduct, among other shortcomings. Jones's Mot. 7-10. However, these alleged insufficiencies are not a question of intelligibility. Rather, Defendant Jones seeks more detail and a motion for a more definite statement is not the appropriate vehicle for such a request. *See Bazile*, 2008 WL 4899635, at *5.

However, the Court recognizes that Jobe and Jones also employ the Motions as a means to obtain a RICO case statement from the County. Defendants in other RICO cases have employed the motion for a more definite statement as a vehicle to request a RICO case statement. *See, e.g., Old Time Enterprises, Inc. v. International Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989) (noting the impetus for the filing of a RICO case statement was a Rule 12(e) Motion for More Definite Statement and affirming the district court's decision to require its filing).

Jones and Jobe both argue that a RICO case statement is necessary to provide them with sufficient factual allegations to file a responsive pleading. Jones Mot. 10; Jobe Mot. 9-10. Both explain that the Fifth Circuit looks favorably on these case statements.

Jobe Mot. 8; Jones Mot. 6. Jobe also explains that the local rules of certain district courts require the filing of RICO case statements within twenty days of the filing of the complaint. Jobe Mot. 8 (citing LOCAL RULES FOR THE DISTRICT OF CONNECTICUT 115-18).

Upon due consideration, the Court finds that the County need not file a RICO case statement at this time. This Court has no local rule or standing order requiring the filing of RICO case statements. Furthermore, notwithstanding Jobe's and Jones's concerns regarding the state of the pleadings, the numerous other Defendants in this case have been able to file nine separate motions to dismiss. In fact, Jobe has recently filed a tenth Motion to Dismiss in this case. *See* Doc. No. 160. Although the facts alleged against Jobe and Jones may not be identical to those alleged against the other Defendants, there is sufficient overlap and connection among the many claims and many Defendants in this case that it is possible for Jobe and Jones to assemble and file responsive pleadings without a case statement. Accordingly, the Motions (Doc. Nos. 110 and 111) are **DENIED**.

**SO ORDERED.**

**SIGNED** on this 4th day of December, 2009.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE