**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **COUNTY OF EL PASO, TEXAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-09-CV-119-KC** |
| | § | |
| **LUTHER JONES, DAVID ESCOBAR,** | § | |
| **MARTIE JOBE, ELIZABETH** | § | |
| **"BETTI" FLORES, ROBERT** | § | |
| **BOWLING III, ROBERT BOWLING** | § | |
| **IV, TROPICANA HOMES INC.,** | § | |
| **AMERICAS LOOP 375, and** | § | |
| **TROPICANA DEVELOPMENT, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**ORDER**</u>

On this day, the Court considered Plaintiff and Defendants Robert Bowling III, Robert

Bowling IV, Tropicana Homes, Inc.; Americas Loop 375, L.P.; and Tropicana Development,

Inc.'s (collectively, "moving parties") "Joint Motion for Severance" ("Motion to Sever"), ECF

No. 209.  The Court also considered the moving parties' "Joint Motion for Dismissal With

Prejudice" ("Motion to Dismiss"), ECF No. 210.  For the reasons set forth herein, the Motion to

Sever is **DENIED**, and the Motion to Dismiss is **GRANTED**.

**I.      BACKGROUND**

The factual background of this case is complex, and has been fully explained in prior

Orders, *see, e.g.*, Order, December 4, 2009, ECF No. 169, so the Court does not repeat it fully

here.  In brief, the County of El Paso ("the County") alleges that certain Defendants were

involved in a Racketeering Influenced and Corrupt Organization ("RICO").  *See generally* Pl.'s

Second Am. Compl. ("Complaint"), ECF No. 107.  The alleged enterprise, through Martie Jobe,

David Escobar, and Luther Jones, would provide "consulting services" for "individuals, businesses, or entities having or seeking to do business with [the County]." *Id.* ¶ 89. To serve the needs of its clients, the alleged enterprise would offer bribes and other benefits to County officials to secure "favorable resolutions for [its] clients." *Id.* Former El Paso County Commissioner, Elizabeth Flores ("Flores"), was one such County official. *Id.* ¶ 93. According to the County, Flores accepted money and other benefits in exchange for favorable votes in her official capacity as County Commissioner. *Id.* The County alleges that the eighteen defendants in the instant case took part in one or more of the following four racketeering episodes, titled as in Plaintiff's Second Amended Complaint: Catalina Development, Fifteen-Minute Lawsuit, Fair Labor Standards Act § 207(k), and Digitization of Court Records. Compl. ¶¶ 27-85. For her part, Flores has pleaded guilty to her involvement in the alleged racketeering activities; however, all remaining Defendants maintain that they are innocent of the charges. *See id.* ¶¶ 24, 26-27, 85, 100-01, 106, 163, 166, 214, 238, 276.

## II.   DISCUSSION

The moving parties represent that after participating in binding arbitration as ordered by the Court, they have agreed on a settlement of all the claims between them. Mot. to Sever ¶ 5. They filed a Motion to Sever so as to separate the claims between Plaintiff and Defendants Robert Bowling III, Robert Bowling IV, Tropicana Homes, Inc.; Americas Loop 375, L.P.; and Tropicana Development, Inc. ("settling Defendants") from the claims by Plaintiff against the remaining Defendants. *Id.* "Without waiving" their Motion to Sever, the moving parties filed the Motion to Dismiss all claims between them. Mot. to Dismiss ¶ 1. The moving parties have structured these motions so that the dismissal of the claims between them can become final

immediately, rather than have the finality depend upon the resolution of the other remaining

claims in the case.  Mot. to Sever ¶ 5.  In their Reply brief, the moving parties note,

> Another option for the Court to consider is entering a take nothing judgment as to
> all claims and counter-claims asserted between the County and the non-RICO
> Defendants, specifically finding that there is no just reason for delay and that the
> take nothing judgment is intended to be a final disposition of the claims by and
> between the County and the non-RICO Defendants.

Reply to Escobar's Resp. to Mot. for Severance ¶ 5, ECF No. 214.

### A.    Motion to Sever

Rule 21 of the Federal Rules of Civil Procedure provides that a court may "sever any

claim against a party."  Fed. R. Civ. P. 21.  Severance results in two actions where originally

there was one.  *Allied Elevator, Inc. v. E. Tex. State Bank of Buna*, 965 F.2d 34, 36 (5th Cir.

1992).  "'Where a single claim is severed out of a suit, it proceeds as a discrete, independent

action, and a court may render a final, appealable judgment in either one of the resulting two

actions notwithstanding the continued existence of unresolved claims in the other.'"  *Id.* (quoting

*United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)).  A trial court has broad discretion to

sever issues to be tried before it.  *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir.

1994).  Relevant considerations in determining whether to sever a party or claim may include 1)

whether the claims arise out of the same transaction or occurrence; 2) whether the claims present

common questions of law or fact; 3) whether judicial economy would be served; 4) whether

prejudice could be avoided through severance; and 5) whether the separate claims require

different witnesses and documentary proof.  *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d

556, 580 (E.D.N.Y. 1999).

Applying the relevant considerations set forth above, the Court finds that Plaintiff's

claims against the settling defendants and the settling defendants' counterclaims should not be severed. With regard to the first consideration, Plaintiff's claims against the settling Defendants arise from the same transactions or occurrences, in that the settling Defendants are alleged to have accomplished their improper acts by means of hiring the remaining Defendants to act on their behalf. *See, e.g.*, Compl. ¶¶ 36, 57-58, 164, 166. The settling Defendants' counterclaims also arise from the same transaction or occurrences, as the counterclaims are based on provisions in the agreement creating the Catalina Development, which also gave rise to part of the liability alleged by Plaintiff. *Compare* Answer and Counterclaim 26-29, ECF No. 181; Answer and Counterclaim 26-29, ECF No. 182, *with* Compl. ¶¶ 27-58. For the same reasons, in connection with the second and fifth considerations, Plaintiff's claims against the settling Defendants and the remaining Defendants present common question of law or fact and have overlapping need for witnesses and documentary proof.

With regard to the third consideration, the Court cannot see how judicial economy would be served by creating two cases where before there was only one. Plaintiff and the settling Defendants are correct that judicial economy is served by conclusively resolving the claims between them and allowing the resolution to become final. But, as Escobar points out in his Response and Defendants concede in their Reply, other mechanisms exist that achieve those ends with less complexity than severance, such as entry of final judgment on certain claims or parties according to Federal Rule of Civil Procedure 54(b). Finally, with regard to the fourth consideration, Plaintiff and the settling Defendants have provided no evidence of possible prejudice they might suffer if severance is denied.

Taking all these considerations together, the Court concludes the Motion to Sever should

4

be denied.

**B. Motion to Dismiss**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that at plaintiff's request the Court may dismiss an action, without assent by the defendants, on terms that the Court considers proper.  Fed. R. Civ. P. 41(a)(2).  Here, the Court finds that the terms of dismissal are proper and grants the Motion to Dismiss.

Rule 54(b) allows a court to enter a final, appealable judgment on the dismissed portion of an action, while leaving the rest of the action to proceed:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b); *cf. Fontenot v. McLeod*, 77 F.3d 473, *1 (5th Cir. 1995) (per curiam, unpublished) (holding that a case in which some defendants had been voluntarily dismissed was unappealable because the district court had not certified a dismissal as a final judgment under Rule 54(b)).  The Supreme Court has stated that the discretion of whether to issue a Rule 54(b) certification of final judgment "'is, with good reason, vested by the rule primarily' in the district courts."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)).  The Supreme Court has been "reluctant either to fix or sanction narrow guidelines for the district courts to follow" in the exercise of their discretion because "the number of possible situations [warranting certification] is large."  *Id.* at 10-11.  The Fifth Circuit does not require a statement of a district court's reasons for issuing a certification under Rule 54(b), but has said that it "encourage[s] . . . such helpful explanations."  *Rothenberg v. Sec. Mgmt. Co., Inc.*, 617 F.2d 1149, 1150 (5th Cir. 1980).

This Court has ordered this entire action stayed pending the outcome of arbitration between the settling parties and pending the resolution of criminal proceedings against Jones. Order, ECF No. 198.  While the arbitration has been completed, the criminal proceedings against Jones remain pending.  There being no way to predict when these criminal proceedings will be completed, it is also impossible to predict whether it will be weeks, months, or even years before a final judgment may be issued for this case as a whole.  Therefore, even though the Court dismisses all of the claims between the settling parties with prejudice, without a 54(b) certification this order will not become final for an unknown, possibly extensive, length of time. Recognizing the settling parties' legitimate desire for finality in the disposition of the claims between them, and finding no just reason to delay entering final judgment on these claims, the Court will enter a partial final judgment in this case.

Additionally, the Court notes that the moving parties' proposed order attached to the Motion to Dismiss has been approved not just by the moving parties, but also by several other Defendants previously dismissed from this case on December 4, 2009.  *See* Mot. to Dismiss, Proposed Order (approved by moving parties and Sarah J. Thomas; Alan Ortega; Chris Johnstone; Carefree Homes I, Inc.; Carefree Homes I; Gregory W. Collins; Catalina Development, Inc.; and Frank Arroyos).  The Court understands, based on the stated aims of the moving parties, the structure of the Motion to Sever and Motion to Dismiss, and these additional parties' approval of the proposed order, that these additional parties wish to have their prior dismissal given final judgment status at this time.  For the same reasons set forth above, the Court finds that there is no just reason to delay giving the earlier dismissal of these parties final judgment status at this time.  Accordingly, the Court includes these additional parties in its

6

certification of partial final judgment.

## III.    CONCLUSION

For the reasons set forth above, the Motion to Sever, ECF No. 209, is **DENIED**.  The

Motion to Dismiss, ECF No. 210, is **GRANTED**.

The Court hereby **DIRECTS** entry of final judgment on and **DISMISSES WITH**

**PREJUDICE** all claims that have been brought or could have been brought between Plaintiff

County of El Paso, Texas, and the following Defendants:

1.    Americas Loop 375

2.    Robert Bowling III

3.    Robert Bowling IV

4.    Tropicana Homes, Inc.

5.    Tropicana Development, Inc.

The Court hereby **DIRECTS** entry of final judgment on its prior dismissal on December

4, 2009 of the following Defendants:

1.    Sarah Thomas

2.    Gregory W. Collins

3.    Alan Ortega

4.    Chris Johnstone

5.    Carefree Homes I, Inc.

6.    Carefree Homes I

7.    Catalina Development, Inc.

8.    Frank Arroyos

Each party is to bear its own costs, expenses and attorneys fees.

**SO ORDERED**.

**SIGNED** on this 17th day of March, 2011.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE